UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
UNITED STATES OF AMERICA,          :
                                   :     05 Cr. 965
                                   :
    - against -                    :     **DECISION AND ORDER**
                                   :
YURY MARIN-QUINTERO,               :
                                   :
            Defendant.             :
------------------------------X

**VICTOR MARRERO, United States District Judge.**

Pro se defendant Yury Marin-Quintero ("Marin-Quintero") pled guilty to a charge of conspiring to import approximately 300 grams of heroin into the United States, in violation of Title 21, United States Code, Section 963. The Court sentenced Marin-Quintero to a term of incarceration of 60 months.

On July 23, 2008, Marin-Quintero filed the instant motion seeking immediate deportation to Colombia, pursuant to Section 242(h)(2)(A) of the Immigration and Nationality Act ("INA"), 8 USC § 1242(h)(2)(a) ("§ 1242"). Marin-Quintero argues that he qualifies as an "alien," as that term is defined in Section 101(a)(8) of the INA, and thus that he is eligible for immediate deportation. For the reasons stated below, Marin-Quintero's motion is DENIED.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-4-08

## DISCUSSION

Section 1242 provides in pertinent part that:

The Attorney General is authorized to deport an alien in accordance with applicable procedures under [the INA] prior to the completion of a sentence of imprisonment -

in the case of an alien in the custody of the Attorney General, if the Attorney General determines that (i) the alien is confined pursuant to a final conviction for a nonviolent offense..., and (ii) such deportation of the alien is appropriate and in the best interest of the United States.

8 U.S.C. § 1242(h)(2)(a).

The statute is clear on its face. It confers authority on the Attorney General, prior to the completion of their sentence, to deport aliens who are confined for conviction of nonviolent offenses. However, this authority is entirely within the sole discretion of the Attorney General; nothing in the statute mandates deportation. See Thye v. United States, 109 F.3d 127, 128 (2d Cir. 1997). Nor does the law, as the Government's opposition points out, create a private right of action for an alien to compel deportation. See, e.g., Loaiza v. INS, No. 98 Civ. 1112, 1998 WL 853216, at *2 (E.D.N.Y. Dec. 8, 1998).

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of Yury Marin-Quintero for an order of immediate deportation is DENIED.

**SO ORDERED.**

Dated:    New York, New York
           4 August 2008

 

VICTOR MARRERO
U.S.D.J.